UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARLO X. PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00341-TWP-MPB |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Leave to Proceed *In Forma Pauperis*,
Screening and Dismissing Complaint, and
Allowing Opportunity to File Amended Complaint**

Plaintiff Carlo X. Payne filed this civil rights complaint alleging that the defendants were deliberately indifferent to his medical needs.

**I.      Leave to Proceed *In Forma Pauperis***

Mr. Payne's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that Mr. Payne is an assessed an initial partial filing fee of **thirty-five dollars and seventy-six cents ($35.76)**. *See* 28 U.S.C. § 1915(b)(1). Mr. Payne shall have **through March 30, 2021**, to pay this sum to the clerk of the district court.

Mr. Payne is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. §1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Payne and his custodian to ensure collection of the full filing fee.

## II. Screening the Complaint

### A. Screening Standard

Because Mr. Payne is a prisoner, the Court must screen his complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. The Complaint

The complaint names two defendants: Corrections Corporation of America and the Marion County Jail.

In the complaint, Mr. Payne alleges that he has suffered from diabetes for years but was able to manage his insulin through diet alone. From October 2018 through August 2019, Mr. Payne was in custody at the Marion County Jail and a facility run by the Corrections Corporation of America. During this time, staff at these two facilities failed to accommodate Mr. Payne's dietary needs and erroneously tested his blood sugar levels after he had eaten instead of before. As a result, Mr. Payne's diabetic symptoms worsened, and he now requires insulin injections.

### C. Discussion

Mr. Payne's claims against the Marion County Jail are **dismissed** because the Marion County Jail is not subject to suit. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Mr. Payne's claims against Corrections Corporation of America are **dismissed** for failure to state a claim upon which relief may be granted. Because Corrections Corporation of America acts under color of state law by contracting to perform a government function, it is treated as a government entity for purposes of 42 U.S.C. § 1983 claims. *See Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a cognizable deliberate indifference claim against Corrections Corporation of America, Mr. Payne must allege that he suffered a constitutional deprivation as the result of a Corrections Corporation of America policy, practice, or custom. Mr. Payne has alleged no such policy, practice or custom. He has therefore failed to state a viable claim against Corrections Corporation of America.

### D. Opportunity to File Amended Complaint

Although Mr. Payne's complaint is dismissed, the Court will not dismiss the case and enter final judgment at this time. Instead, Mr. Payne shall have **through March 30, 2021**, to file a viable amended complaint.

The amended complaint will stand on its own. It therefore must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

The first page of the amended complaint should include the words "Amended Complaint" and the correct case number, 1:21-cv-00341-TWP-MPB. If Mr. Payne files an amended complaint by the above deadline, the Court will screen it pursuant to 28 U.S.C. § 1915A. If not, this case will be subject to dismissal without further notice.

### IV.     Conclusion

Mr. Payne's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**. The **clerk is directed** to seal this motion, as it includes the names of minor children.

Mr. Payne shall have **through March 30, 2021**, to (1) pay an initial partial filing fee of $35.76 to the clerk of the district court and (2) file an amended complaint.

**IT IS SO ORDERED.**

Date:   2/17/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CARLO X. PAYNE
18102 Cumberland Road
Noblesville, IN 46060