UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLO X. PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00341-TWP-MPB |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Amended Complaint, Dismissing Deficient Claims,
and Directing Issuance and Service of Process**

Plaintiff Carlo X. Payne brings this civil rights action alleging that the defendants were deliberately indifferent to his diabetes symptoms when he was incarcerated at the Marion County Jail and Marion County Jail II. The court screened and dismissed Mr. Payne's original complaint. Mr. Payne has filed an amended complaint that is now subject to screening.

**I.    Screening Standard**

The Court must screen Mr. Payne's amended complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the amended complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     The Amended Complaint

The amended complaint names eight defendants: (1) Corrections Corporation of America, (2) Marion County Sheriff's Department, (3) Marion County Nurse 1, (4) Marion County Nurse 2, (5) CCA Nurse 1, (6) CCA Nurse 2, (7) CCA Nurse 3, and (8) CCA Head Nurse (Melissa).

In the amended complaint, Mr. Payne alleges that he was diagnosed with Type 1 Diabetes in 2009. From 2009 through 2013, he managed his symptoms with medication. From 2013 to 2018, he managed his symptoms with diet and exercise alone. In October 2018, Mr. Payne was arrested and booked into the Marion County Jail, which is operated by the Marion County Sheriff's Department. Within days, he was transferred to Marion County Jail II, which is operated by private contractor Corrections Corporation of America.

While being booked in at Marion County Jail II, Mr. Payne notified a nurse that he was diabetic. After a week on a regular diet, Mr. Payne began experiencing night sweats, shakes, and fatigue. Mr. Payne submitted a medical request, and a few days later a nurse checked his blood sugar level. The reading was low, so the nurse ordered blood sugar checks for the next two weeks.

Different nurses performed the blood sugar checks, but they were always performed within hours after Mr. Payne had eaten. Mr. Payne's blood sugar was always within normal levels, but he continued to have "an adverse physical condition," mostly at nights. Dkt. 7 at 5−6.

On November 9, 2018, lab tests were done on Mr. Payne's blood. A nurse reported that Mr. Payne was not diabetic but anemic. Mr. Payne never saw the results himself. He received another blood test in December 2018. The results again indicated that Mr. Payne was not diabetic.

Mr. Payne was transferred back to the Marion County Jail on February 14, 2019. At intake, he notified a nurse ("Marion County Nurse 2") that he was diabetic. The nurse told him he would be put in for blood work, but no blood tests were performed.

Mr. Payne was transferred to Hamilton County Jail on August 29, 2019. When medical staff tested Mr. Payne's blood sugar levels at Hamilton County Jail, they were very high. Mr. Payne has now been diagnosed with Type 2 Diabetes, which requires daily insulin injections.

Mr. Payne alleges that Corrections Corporation of America maintains a policy of testing blood sugar at incorrect times, such that they can never detect an inmate's diabetes. He alleges that Marion County Sheriff's Department "had a policy, practice and procedure that left his condition undiagnosed and untreated while he was incarcerated." Dkt. 7 at 9. The complaint offers no description of this alleged policy, practice, and procedure.

### III. Discussion

#### A. Claim to Proceed

Mr. Payne's Fourteenth Amendment claim[1] against Corrections Corporation of America based on a policy or widespread practice of conducting blood sugar checks exclusively after meals **shall proceed**.

#### B. Claims Dismissed as Untimely

Any claims against the nurses at Marion County Jail II—"CCA Nurse 1," "CCA Nurse 2," "CCA Nurse 3," and "CCA Head Nurse (Melissa)"—are **dismissed** as frivolous because they are untimely.

"[I]n § 1983 actions, federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place. In Indiana, such claims must be brought within two years." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013) (citation omitted). Untimeliness is an affirmative defense, but a complaint may be dismissed *sua sponte* if "the existence of a valid affirmative defense is so plain from the fact of the complaint that the suit can

---

[1] The complaint suggests that Mr. Payne was a pretrial detainee while in custody at Marion County Jail and Marion County Jail II. If he was instead a convicted inmate, his claim shall proceed under the Eighth Amendment.

be regarded as frivolous." *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659, 660 (7th Cir. 2013) (when complaint's allegations plainly show it is untimely, dismissal under § 1915A is appropriate).

Once Mr. Payne was transferred out of Marion County Jail II on February 14, 2019, the nurses at that facility no longer had "the power to do something about his condition." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001); *cf. Heard v. Elyea*, 525 F. App'x 510, 511 (7th Cir. 2013) ("[W]hen a person resigns or retires from his public employment, the claim accrues on that date."). The statutory limitations period thus began running on February 14, 2019, for the claims related to Mr. Payne's time at Marion County Jail II. Mr. Payne had until February 14, 2021, to file claims against the Marion County Jail II nurses, but he did not name them in his original complaint, and he filed his amended complaint on March 22, 2021.[2] The claims against the Marion County Jail II nurses do not "relate back" to Mr. Payne's original complaint because the original complaint did not name them as defendants or otherwise give them notice that an action was being brought against them. *See* Fed. R. Civ. P. 15(c)(1)(C). These claims are therefore **dismissed** as frivolous.

### C. Claims Dismissed for Failure to State a Claim Upon Which Relief May Be Granted

Mr. Payne's claims against Marion County Nurse 1 and Marion County Nurse 2 are **dismissed for failure to state a claim upon which relief may be granted**.

Prison officials have a duty to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To prevail on a claim of inadequate medical care in violation

---

[2] Even using the amended complaint's signature date of March 8, 2021, dkt. 7 at 9, these claims are untimely.

of the Fourteenth Amendment, Mr. Payne must allege facts sufficient to establish that a plausible claim that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [his care]," and (2) that the defendant's actions were objectively unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 353−54 (7th Cir. 2018); *Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015).

According to Mr. Payne, he told Marion County Nurse 1 that he had diabetes on October 21, 2018, and he was transferred to a different facility on October 24 or 25, 2018. Until his arrest, he had controlled his sugar levels from 2013 to 2018 with diet and exercise. Marion County Nurse 1's failure to take action on this information for the three or four days before Mr. Payne's transfer was not objectively unreasonable.

Mr. Payne alleges that he informed Marion County Nurse 2 of his diabetes in February 2019 upon his return to Marion County Jail. She said he would be put in for blood work, but no blood tests were done before Mr. Payne was transferred to Hamilton County Jail in August 2019. Standing alone, these allegations might warrant an inference that the nurse's actions were objectively unreasonable. But Mr. Payne also alleges that he received blood tests in November and mid-to-late December 2018. Neither of these tests indicated that Mr. Payne had diabetes. Marion County Nurse 2's failure to perform further tests based on his statement at intake was not objectively unreasonable. Additionally, Mr. Payne's claims against Marion County Nurse 2—and all the nurses whom the complaint does not identify by name—are **dismissed** because "it is pointless to include . . . anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Mr. Payne's claim against the Marion County Sheriff's Department also is **dismissed for failure to state a claim upon which relief may be granted**. To state a claim for relief against the Marion County Sheriff's Department, Mr. Payne must allege that the defendant's policy, practice, or custom, caused a constitutional violation. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). Mr. Payne alleges only that the Marion County Sheriff's Department "had a policy, practice and procedure that left his condition undiagnosed and untreated while he was incarcerated." This is a conclusion, not an allegation. Mr. Payne does not state what the policy was or how it might have caused his constitutional injury.

### IV.    Directing Issuance and Service of Process

Mr. Payne's claim against Corrections Corporation of America **shall proceed**. All other claims in the amended complaint are **dismissed**.

The **clerk is directed** to terminate defendant Marion County Jail from the docket.

The **clerk is directed** to issue service to defendant Corrections Corporation of America. Process shall consist of the amended complaint, dkt. [7], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date:  6/2/2021

_Hon. Tanya Walton Pratt, Chief Judge_
United States District Court
Southern District of Indiana

Distribution:

CARLO X. PAYNE
18102 Cumberland Road
Noblesville, IN 46060

Corrections Corporation of America
c/o: CT Corporation Systems, as Registered Agent
150 West Market Street, Suite 800
Indianapolis, Indiana 46204